## ENEAS GAINEY *vs.* NOAH PARKMAN & another.

The provision of the Gen. Sts. c. 86, § 40, that an officer who takes into custody, without a warrant, a person in a state of intoxication in a public place, or in such a state in any place, if there committing a breach of the peace or disturbing others by noise, shall take him before some police court or justice of the peace in the city or town and make a complaint against him for the crime of drunkenness, is sufficiently complied with by the officer's procuring another person to make the complaint and being present to testify at the trial.

Under a single count against two officers for assault and false imprisonment, if the plaintiff offers evidence of his illegal arrest by them jointly, and of a separate assault by one of them on him while in custody, he may be compelled to elect on which tort he will rely to sustain the action.

TORT. The declaration alleged, in a single count, that the defendants on the night of June 2, 1867, broke in the door of the plaintiff's boarding-house in Lawrence, dragged him from

the house, beat him with clubs, and then imprisoned him in the lock-up in that town for twelve hours, and otherwise assaulted him. The defendants justified as police officers of Lawrence.

At the trial in the superior court, before *Wilkinson*, J., the plaintiff's evidence tended to prove the specific allegations of his declaration, and that, after the defendants had committed him to the lock-up, Parkman seized him by the throat and choked him in order to compel him to take off his boots after his refusal to do so.

The defendants' evidence tended to prove that, as police officers, they took the defendant into custody for being in a state of intoxication and disturbing others by noise and committing a breach of the peace ; that all the force they used was necessary and proper, either for the purposes of the arrest or in defence against the plaintiff's violent resistance of the discharge of their duty ; and that " there was a rule made by the officers of Lawrence to take off the boots of prisoners committed to the lock-up."

The defendants further offered evidence that, on the morning next after the arrest, Parkman, in accordance with the practice of the police officers of Lawrence, made complaint against the plaintiff to the city marshal, who thereupon made a complaint against the plaintiff, for the crime of drunkenness, to the police court in that city; and that Parkman was present and testified at the trial, which resulted in the plaintiff's conviction.

The plaintiff asked the judge to rule that the defendants, in order to justify themselves, must show that, after he had so far recovered from his intoxication as in their opinion to render it proper to carry him. before a court of justice, they themselves took him before the police court and made the complaint; and also that the jury would be warranted in returning a verdict against Parkman, if they should find that his seizing and choking the plaintiff about the matter of the boots was the only unjustifiable assault made by either of the defendants.

The judge declined so to rule, and ruled, on the contrary, " that, if Parkman made the complaint for drunkenness against the plaintiff to the marshal in order to his entering complaint,

and the plaintiff was seasonably carried before the police court and there complained against for drunkenness, the defendants being present at the trial and testifying under said complaint, the failure of the defendants to actually make the complaint to the court and sign the same would not make them trespassers from the beginning; that, under the pleadings and evidence, inasmuch as the plaintiff had but one count in his declaration, if the assault and battery in the lock-up was a separate and distinct assault and battery committed by Parkman alone, the plaintiff could not recover for that assault against Parkman only, unless he elected to rely upon that assault and battery as the one covered by his count."

The jury found for the defendants; and the plaintiff alleged exceptions.

*E. T. Burley,* (*E. J. Sherman* with him,) for the plaintiff.

*S. B. Ives, Jr.,* ( *C. Saunders* with him,) for the defendants.

CHAPMAN, C. J. 1. The provision of the Gen. Sts. *c.* 86, § 40, which requires that an officer, who has without a warrant arrested a person who is found in a state of intoxication in a public place, or in any other place, committing a breach of the peace or disturbing others by noise, shall take him before a magistrate and make a complaint against him, is substantially and sufficiently complied with by procuring another person to make the complaint and being present to testify at the trial of the complaint.

2. The plaintiff claimed the right to recover on two distinct grounds. The first was, that the arrest and the whole of the imprisonment was illegal on the part of both the defendants. The second was, that, admitting the arrest and imprisonment to be legal, yet the defendant Parkman, while the plaintiff was in custody, committed an assault and battery upon him for which he was separately liable.

As the declaration contained but one count, it was proper for the presiding judge to require the plaintiff to elect which of these two separate torts he intended to rely upon, for he could no· under one count prove these separate causes of action.

*Exceptions overruled.*