## JOSEPH PAPINEAU *vs.* EDMUND O. BACON.

The plaintiff was arrested for drunkenness by the defendant, a deputy sheriff, under the St. of 1869, *c.* 415, § 42, which provides that the officer shall take the person arrested before some justice of the peace or police court in the town where the arrest is made. In the town where the arrest was made there were justices of the peace, but no trial justice or police court, and the defendant took the plaintiff before a trial justice in an adjoining town. *Held,* that the defendant was a trespasser.

TORT for assault and false imprisonment. Trial in the Superior Court, before *Bacon,* J. The jury returned a verdict for the defendant, and the plaintiff alleged exceptions. The case is stated in the opinion.

*T. G. Kent,* for the plaintiff.

*A. A. Putnam,* for the defendant.

CHAPMAN, C. J. The defendant, who was a deputy sheriff, arrested the plaintiff, who was intoxicated, under the St. of 1869, *c.* 415, § 42, without a warrant, in Blackstone, kept him in a suitable place until the next morning, took him to the town of Uxbridge, carried him before a trial justice in that town, and made a complaint against him for the crime of drunkenness. There was then no police court, and no trial justice qualified to act, in Blackstone, but there were justices of the peace in said town. The plaintiff contends that the defendant should have taken him before some justice of the peace in Blackstone, and made his complaint there ; but the court ruled that the defendant was not under the circumstances bound to take the plaintiff before a justice of the peace in Blackstone, but might legally take him before a trial justice in Uxbridge. The section of the statute referred to provides that the officer arresting him shall "take him before some justice of the peace or police court in the city or town wherein he has been found, and shall make a complaint against him for the crime of drunkenness." Section 43 provides what shall be done with him. If he "discloses fully the name of the person of whom, and the time, place and manner in which the liquor producing his intoxication was procured, and all the circumstances attending it, the justice or court shall administer to him the oath provided for witnesses, and interrogate him in

presence of the officer ; and if it appears that either of the offences specified in sections thirty-two or thirty-three has been committed, the officer shall file his complaint for the commission of such offence, before said justice or court, against the persons who appear to have been guilty thereof, and the person so disclosing shall be summoned as one of the witnesses. The officer shall thereupon discontinue his prosecution for drunkenness, and the person arrested shall be discharged, and not be liable to be prosecuted again for the same offence." The statute thus prescribes a peculiar method of dealing with a person arrested while intoxicated, and its evident purpose is that such person shall be dealt with in the city or town where he is so found. The plaintiff should have been taken before a justice of the peace in Blackstone, and there complained of and examined. A substantial compliance with the statute is sufficient ; *Gainey* v. *Parkman*, 100 Mass. 316 ; but it was not substantially complied with by taking the plaintiff to a magistrate in another town in the first instance, there being a justice of the peace in Blackstone.

The authorities cited for the plaintiff [*] sustain the position that the defendant was a trespasser. *Exceptions sustained.*

---

[*] *Tubbs* v. *Tukey*, 3 Cush. 438. *Stetson* v. *Packer*, 7 Cush. 562. *Ewings* v. *Walker*, 9 Gray, 95. *Houghton* v. *Wilson*, 10 Gray, 365. *Kent* v. *Wiley.* 11 Gray, 368, 373. *Kennedy* v. *Favor*, 14 Gray, 200.