SAMUEL OWENS v. WILMINGTON AND WELDON RAILROAD CO.

(Decided March 13, 1900.)

*Railroad Passenger—Arrest on Train—Conductor—His Duty, and What Not.*

1. While a railroad company must afford protection and safety to its passengers against assaults, insults and ill-treatment from fellow-passengers, strangers, and its own servants, it would be vain and unreasonable to require its conductor to resist a known officer of the law from making an arrest.

2. The mere pointing out to the sheriff by the conductor of a passenger, indicated in a telegram to the sheriff from a South Carolina sheriff, as a party suspected of a capital offense, does not render the railroad company liable for false arrest.

CIVIL ACTION for damages for false arrest of plaintiff while a passenger on defendant's train, tried before *Brown, J.,* at July Term, 1899, of GRANVILLE Superior Court. At the conclusion of plaintiff's evidence, his Honor, upon motion of defendant, ruled that plaintiff could not recover. Nonsuit, and appeal by plaintiff. The evidence is stated in the opinion.

*Messrs. Winston & Fuller, S. H. MacRae,* and *Boone, Bryant & Biggs,* for appellant.

*Messrs. George M. Rose,* and *A. W. Graham,* for appellee.

FAIRCLOTH, C. J. The plaintiff purchased a ticket in South Carolina over defendant's railroad to Selma, N. C., and was seated in defendant's car, and, without fault or blame in his deportment, was arrested on arrival at Fayetteville by the sheriff of Cumberland County and his armed posse, taken off the train and incarcerated for two days, when he was tried for an alleged crime, acquitted and discharged. Before the arrival of the train at Fayetteville, the sheriff was notified by telegram from the sheriff of Kingstree, South Carolina, that the plaintiff and two others were on that train, and that they were suspected of having committed a capital offense in South Carolina. The sheriff was directed in said telegram to "arrest them—conductor will point out." The plaintiff testified: "The conductor was in the car, sheriff and policemen, seven or eight, came in at each end of the car. Conductor was approached by the sheriff, and the sheriff and he were talking. I heard the conductor say 'there are the men I have reference to.' * * * When the sheriff arrested me the conductor was not in the car; after he and the sheriff finished talking the conductor went out on the platform.

\*   \*   \*   The conductor did not tell the sheriff to arrest us." At the close of the plaintiff's evidence the Court expressed the opinion that he could not recover, and there was nonsuit and appeal.

The plaintiff's contention is that he was entitled, as a passenger, to protection from arrest by the defendant's employees. We are aware of no authority for his position, and we do not think the defendant's duty can be carried to such extent. That would make the defendant's train a sanctuary to which criminals could flee for protection.

It is well settled that a railroad is a common carrier, and that it has the right to establish reasonable rules and regulations for the government of its trains and passengers, and that it is its duty to do so and require its passengers to observe such regulations. The company must afford protection and safety to its passengers against assaults, insults and ill treatment of their fellow passengers or strangers, and its own servants. Although held to the highest degree of care, the company is not an insurer of the safety and life of the passenger, as it is for a package of goods committed to its care.

In the present case the defendant was wholly ignorant of the occurrence and its conductor did not originate the cause or instigate or participate in the arrest. It would be vain and unreasonable to require him to resist an officer of the law, or the law itself. Whether the officer had authority or probable cause for making the arrest is not material. The conductor was confronted with a known officer of the law, with sufficient force to carry out his purpose.

*Gillingham v. Ohio Railroad Co.,* 35 W. Va., 588, cited by the plaintiff's counsel, does not present the same question. The occurrence was a matter between the conductor and an innocent passenger. The conductor ordered the arrest and

actively participated in the execution of his order to the extent of expulsion, and the company was held liable.    Such misapplication of decided cases, as authority, results from a disregard of the universal principle that the law must fit the facts in every case.    We see no error in the trial.

Affirmed.