E. K. BOWDEN v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 26 February, 1907).

1. **Railroads—Negligence—Arrest of Passenger.**—It is not the duty of a railroad company to protect a passenger by resisting a known officer of the law in arresting him, or to adjudge the right of the officer in so doing, and the consequent delay of the train is no evidence that the conductor aided in making the arrest.

CIVIL ACTION to recover damages for neglect in protecting plaintiff, a passenger on defendant's train, heard by *Shaw, J.,* and a jury, at October Term, 1906, Superior Court of CRAVEN County.

The Court submitted the following issues:

1. Was plaintiff a passenger of defendant company?   Answer:  Yes.

2. Did the defendant company through its agents and employees wrongfully aid, abet or encourage a wrongful assault on the plaintiff, as alleged?   Answer:  Yes.

3. Did the defendant company neglect, fail and refuse, through its agents and employees, to protect the plaintiff from a wrongful assault and insult as alleged?   Answer: Yes.

4. What damages, if any, is plaintiff entitled to recover?  Answer: $500.

From the judgment rendered, defendant appealed.

The evidence pertinent to the case is stated in the opinion.

*D. L. Ward* and *W. D. McIver* for plaintiff.
*Simmons, Ward & Allen* for defendant.

BROWN, J.   We think the motion to nonsuit the plaintiff should have been allowed.   We find in the record no evidence that defendant's servants were remiss in the discharge of any legal duty imposed upon them in respect to the plaintiff. The entire evidence tends to prove that plaintiff "ran away" with a sixteen-year-old girl for the purpose of marrying her, and they were passengers on defendant's train.   The brother of the girl telegraphed to the chief of police of Jacksonville, N. C., to arrest the couple, stating that they had eloped.   The moment the train arrived the chief and his assistant, fully armed, boarded the train to make the arrest.   The plaintiff, apprehending arrest, had gone in the water-closet without the knowledge of the conductor, and bolted the door on the inside. The officers demanded the key of the conductor, who instructed the porter to give it up.   The key was of no avail, so the officer presented his pistol through the window of the closet and compelled plaintiff to unbolt the door and surrender. The officers took the couple off the train.   The conductor

then proceeded on his journey, the train having been detained a few minutes longer than usual because of the difficulty of the officers in arresting the plaintiff. The conductor knew the chief of police, and that he was an officer of the town of Jacksonville. We see nothing in the evidence which tends to prove that the conductor·aided, abetted or encouraged the arrest of plaintiff. The key to the closet was surrendered only upon the demand of the chief of police, who was evidently prepared to execute his purpose by force. As plaintiff had concealed himself in the closet without the knowledge of the conductor and bolted the door on the inside, the surrender of the key is no evidence of a purpose to actively aid and abet the officers. The fact that the train remained at the station a few minutes longer than usual was almost unavoidable under the circumstances, and is no evidence that the conductor had aligned himself with the officers to aid them in making the arrest. The most that can be said is that the conductor did not resist the officers in executing their purpose to arrest plaintiff. It is not the duty of a conductor to resist a known officer of the law in making an arrest.

In a case very much like this, which seems to have escaped the vigilance of the astute counsel, this Court has said: "It would be vain and unreasonable to require the conductor to resist a known officer of the law from making an arrest." *Owens v. Railroad,* 126 N. C., 139.

It is not intended that railroad trains and stations shall become "cities of refuge" for persons charged with crime, nor will the law impose upon the agents of the company the duty to pass judgment upon the right of a known officer of the law to make an arrest.

We think the case above cited is clearly decisive of this, and we direct that the motion to nonsuit be allowed. *Hollingsworth v. Skelding,* 142 N. C., 246.

Reversed.