# Birmingham Ry. L. & P. Co. *v.* Lipscomb.

### Injury to Passenger.

(Decided November 16, 1916.   Rehearing denied January 18, 1917.
73 South. 962.)

1. **Carriers; Passengers; Public Officer; Protection.**—Where a known officer of the law apparently in the exercise of his official authority, disturbs the peace and personal security of a passenger, it is not incumbent upon the servant of the carrier in charge of the train to interfere unless the officer's conduct is illegal.

2. **Same; Instructions.**—Where the action is by a passenger for injuries when ejected from a car by a third person, an instruction that the motorman or conductor owed no duty to interfere so long as the ejected passenger was the aggressor, assumed that plaintiff was the aggressor and was properly refused.

3. **Same; Duty of Servant.**—Regardless of who the aggressor in an altercation on a street car may be, the servants of the carrier are under duty to interfere and prevent possible injury if it is possible and they foresee it in time to prevent it.

4. **Same; Damages.**—Under the evidence in this case the question of damages was for the jury and the court was not in error in refusing an instruction that if plaintiff was entitled to recover, but her damages were inconsequential, she should have nominal damages only.

5. **Witnesses; Cross-Examination; Discretion.**—The extent of cross-examination on irrelevant facts for the purpose of testing bias or credibility or the accuracy of a witness's testimony is largely in the discretion of the trial court and the trial court will not be put in error for excluding same.

6. **Carriers; Passengers; Instructions.**—A charge asserting that a street car motorman or conductor had no right to interfere with a city police officer in the conduct of his affairs unless it is plain to them that he is the ag-

gressor and is abusing his authority, should have been given in this case, since it is not abstract and the word "plain" means only clearly or plainly apparent.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by Daisy Lipscomb against the Birmingham Railway, Light & Power Company. Transferred from the Court of Appeals under section 6, Act April 18, 1911, p. 450. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The pleadings sufficiently appear. It seems that Mrs. Lipscomb was the mother of the wife of Mr. Hill, and that Hill had the child of the marriage, and that Mrs. Lipscomb was endeavoring to get the child when the altercation occurred which resulted in the suit; the evidence for defendant tending to show that the altercation started before the parties attempted to board the car, and continued after they became passengers on the car, with the result that Hill put Mrs. Lipscomb off the car. The following charges were refused to defendant:

(16) The court charges you that the motorman or conductor on defendant's car on the occasion complained of owed Mrs. Lipscomb no duty to interfere in any altercation which may have existed between her and her son-in-law, Rufe Hill, so long as she was the aggressor therein.

(21) If you should be reasonably satisfied from the evidence that plaintiff was entitled to recover against defendant, and are further reasonably satisfied that her damages were of a trivial and inconsequential nature, you would then be authorized to award her nominal damages only.

(22) Practically the same as 21.

The other matters sufficiently appear.

TILLMAN, BRADLEY & MORROW, E. L. ALL, J. A. SIMPSON and T. P. HUEY, for appellant. GOODWYN & ROSS, for appellee.

THOMAS, J.—The plaintiff states her cause of action in four counts. Count 1 charges the wrongful ejection of plaintiff as a passenger from a car; count 2 charges the commission of an assault and battery by defendant's agent or servant on plaintiff as a passenger; and counts 3 and 4 charge that the agent or servant of the defendant carrier negligently permitted one Hill to commit an assault and battery on plaintiff and to eject plaintiff

[Birmingham Ry. L. & P. Co. v. Lipscomb.]

from defendant's car. Defendant pleaded the general issue; and verdict was rendered for the plaintiff.

(1) It is settled in this state that, where a known officer of the law, in the apparent exercise of his official authority, disturbs the peace and personal security of a passenger of a common carrier, it is not incumbent upon the agent or servant of the carrier in charge of the train to interfere unless the conduct of the officer is known to be illegal. Where, however, it is plain to such agent or servant of the carrier that the officer is not so in the exercise of his official authority, or that he is abusing that authority—that is, is exceeding the limits of his customary functions in disturbing the peace and personal security of a passenger —it is the duty of such agent or servant to interfere for the protection of the passenger.—*N. C. & St. L. Ry. v. Crosby*, 183 Ala. 237, 62 South. 889; *N. C. & St. L. Ry. v. Crosby*, 194 Ala. 338, 70 South. 7.

In the *Crosby Case*, 183 Ala. 237, 62 South. 889, this court said: "If the carrier's servant knows that the arrest or search is illegal, it would doubtless be his duty to make inquiry into the matter and to make seasonable and suitable protest for the protection of the passenger. But it would be contrary to good order and sound policy to require the carrier's servant to forcibly contest with an officer the rightfulness and propriety of his action in making an arrest, or a search, unless, perhaps, it is accompanied by palpably abuse and improper treatment not germane to his official acts. But where the arrest or search is made by a known officer who is invested with the general authority to do such acts, the carrier's servant is under no duty to inquire whether he is in fact acting officially or with lawful authority in the particular case. He may assume these things and is under no duty to interfere with the officer."

The Supreme Court of Georgia, in a case of this character, said: "The arrest was made by officers of the law, acting under color of their office, and we think the company was under no duty to inquire into the legality of the arrest. The arrest was apparently regular, and, in the absence of any knowledge or notice to the contrary, the officers and agents of the company could assume that it was lawful. * * * It would never do to allow a railroad conductor to interfere with officers of the law and prevent arrest by them merely because he did not know whether or not they were acting within their power and author-

ity. If the conductor had knowledge that the arrest was unlawful, then it would be his duty to use extraordinary diligence to prevent it and protect the passenger, but even in that case the company would not be an insurer against such arrest. If the conductor had notice that the arrest was wrongful, it would be his duty to make inquiry into the matter. But where the arrest is by officers of the law and is apparently regular, and there is nothing to put the company on notice that the arrest is illegal, the company cannot be held liable for a failure to interfere with the officers and prevent the arrest."—*Brunswick & W. R. Co. v. Ponder*, 117 Ga. 63, 43 S. S. 430, 60 L. R. A. 713, 97 Am. St. Rep. 152.

(2, 3) Charge 16 was properly refused for that it assumed that plaintiff was the aggressor in an altercation with her son-in-law, Hill. Moreover, the charge was misleading in its statement of the duty of defendant's agents, under some circumstances, to preserve the peace of its passengers and to protect them from misconduct and injury. Though this duty of the carrier arises only when the wrong is actually foreseen, or when the circumstances are of such character that the wrong may be reasonably anticipated or naturally expected or foreseen in time to permit its effective prevention, yet when it is foreseen in time to be prevented by the carrier's agents, it is their duty to interfere and prevent the prolongation of the altercation, without regard to who was the aggressor.

Aside from this, the court in its oral charge made plain the duty of the officers to arrest, and that of the agent or servant of the defendant, in charge of the car, to conserve the peace, safety, and personal comfort of passengers on the car at the time of the alleged altercation.

(4) Under the evidence the extent of the alleged injuries and indignities, and the liability vel non of the defendant, were questions for the jury. There was no error in refusing charges 21 and 22, requested by the defendant.—*N. C. & St. L. Ry. v. Crosby, supra; Gambill v. Fuqua*, 148 Ala. 448, 42 South. 735.

(5) The assignment of error based on the refusal of the court to permit the defendant to give the details of an altercation between Hill and the plaintiff in the restaurant is not well taken. Those details were clearly immaterial. The extent of cross-examination on irrelevant facts, for the purpose of testing bias or credibility or accuracy of the witness' statements, is a matter resting largely in the discretion of the trial court.—*Tobias*

[Birmingham Ry. L. & P. Co. v. Lipscomb.]

& Co. v. Triest & Co., 103 Ala. 664, 15 South. 914; Noblin v. State, 100 Ala. 13, 14 South. 767; Southern Railway Co. v. Brantley, 132 Ala. 655, 32 South. 300.

(6) Assignment of error 12 challenges the refusal of charge 24 requested by defendant. That charge is: "The court charges you, gentlemen of the jury, that a street car motorman or conductor in this state has no right to interfere with the police officer of a municipality in the conduct of his affairs in such municipality unless it is plain to them that he is the aggressor and is abusing his authority."

By the word "plain," in the charge, it is meant only clearly or plainly apparent (Cent. Dict.; Webster's Dict.); that is, interpreting the exception, if the facts are such that it appears to the defendant's agent that the officer has gone beyond the scope of his authority and is acting in violation of the law, or that his conduct is "palpably abuse and improper treatment not germane to his official acts," then such servant or agent not only would have the right, but would be charged with the duty, to interfere. The word "plain" has been so defined in Pender Co. v. McPherson, 79 N. C. 524; Ley v. Metropolitan Life Insurance Co., 120 Iowa 203, 208, 94 N. W. 568; Mannington v. Hocking Valley Ry. Co. (C. C.), 183 Fed. 133; People v. Wreden, 59 Cal. 392; In re. Breene, 14 Colo. 401, 24 Pac. 3; McEvony v. Rowland, 43 Neb. 97, 61 N. W. 124; People v. Hamilton, 62 Cal. 377, 384. The charge is not abstract.

For the refusal of this charge the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.