MATTHEWS et al. v. SOUTHERN
RY. SYSTEM.

Nos. 9062–9064.

United States Court of Appeals
District of Columbia.

Argued Nov. 23, 1945.

Decided Sept. 23, 1946.

CLARK, Associate Justice, dissenting.

Messrs. George E. C. Hayes and James A. Cobb, both of Washington, D. C., with whom Mr. Leon A. Ransom, of Columbus, Ohio, was on the brief, for appellants.

Mr. H. G. Hedrick, of Washington, D. C., with whom Messrs. George E. Hamilton, Jr., Henry R. Gower, and S. R. Prince, all of Washington, D. C., were on the brief, for appellee.

Mr. J. C. Fort, Jr., of Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, CLARK and PRETTYMAN, Associate Justices.

PRETTYMAN, Associate Justice.

Appellants brought civil actions in the District Court for damages for breach of contract and violation of their rights as interstate passengers on the appellee company's railroad. The cases were consolidated for trial, trial was had before a jury, and the verdict was for the company.

Appellants bought tickets in Philadelphia for passage on appellee's railroad to Greensboro, North Carolina; these tickets included through seat reservations for spec-

ified seats in specified cars. They boarded the train at Philadelphia and occupied the designated seats. At Alexandria, Virginia, and again at Charlottesville, the conductor and others of the train crew requested that they move to other seats in another car. They refused. Agents of the railroad notified the Police Department of the City of Lynchburg, Virginia, "of the situation that confronted them." At Lynchburg, Virginia, a police officer boarded the train. The conductor pointed out appellants. Some conversation ensued. The officer requested them to move to the other car, and, when they refused, he told them that in that case he would have to compel them to get off the train. Thereupon they got off.

■ The agents of the railroad and the police officer claimed to act pursuant to the Virginia statute [1] which requires that railroads operating in that state furnish separate cars for white and colored passengers, and makes it a misdemeanor for any company or person to fail, refuse, or neglect to comply. Appellants claimed that the statute was invalid as to interstate passengers and, therefore, inapplicable to them, and that they had contracted with the railroad for specified seats in specified cars. It is now clear that their contention regarding the invalidity of the statute is correct.[2]

The railroad did not urge in the trial court the validity of the Virginia statute and does not urge it here. Neither does it rest its case upon its right to make and enforce reasonable regulations; nor does it claim that the conductor and train crew acted without the scope of their authority. Appellants claimed that the police officer acted on behalf of the railroad in ejecting them from the train, and that the conductor and train crew participated in the ejection. The railroad denied that claim. The issue before us is the correctness of the charge to the jury upon the law on that point.

In the charge to the jury, the court said: "I used the expression 'acting in be-

half of the defendant' in referring to the police officer, and this expression should be explained. If a person does nothing more than notify a police officer of an apparent violation of the law, such person is not answerable for the act of the police officer on his own initiative. Stated in another way, mere information to officers of the law tending to show that an offense has been committed, or that some person may be suspected of its commission is not enough, of itself, to establish the fact that the informer participated in the conduct of the officer. Therefore, if all the conductor did, or all that any of the employees of the company did was to notify the police officer of what he thought was a violation of the law, the defendant would not be liable for what the officer did on his own initiative. But, on the other hand, if the conductor or other employee did more than that, the defendant would be answerable for the police officer's conduct."

But the court continued, later in the charge:

"I shall now read you defendant's prayer for instruction No. 2, which I have reframed,—and this is the one which is more or less repetitious of what I have already said to you.

"The jury are instructed that the burden of proving that the police officer at Lynchburg acted on behalf of the defendant is on the plaintiffs, and if you find that the police officer, in requiring the plaintiffs to leave the defendant's train, if you so find, was acting solely as a police officer of the city of Lynchburg, and not wholly or partly *as an agent for defendant,* then your verdict should be for the defendant." (Emphasis supplied.)

■ This case is governed by the rules of law applicable to the obligations of a common carrier to its passengers and its liabilities for breach of those obligations. A common carrier is required to protect its passengers against assault or interfer-

[1] Va.Code Ann.1942, §§ 3962–3964.

[2] That question has been settled by Morgan v. Virginia, 1946, 66 S.Ct. 1050. The decision in the case at bar was withheld by this court pending that decision, as probable jurisdiction was noted, 66 S.Ct. 491, in that case shortly after this case was argued. We see no valid distinction between segregation in buses and in railroad cars.

ence with the peaceful completion of their journey.[3] But an exception to the general rule is that an agent of the carrier is not required to interfere with a known officer of the law apparently engaged in the performance of his duty.[4] This exception covers the action of an agent of a carrier in pointing out to a known officer of the law persons as to whom the officer inquires.[5] Some cases hold that the exception does not apply if the agent knows that the arrest is illegal,[6] but that doctrine seems to contemplate factual knowledge and does not impose upon the carrier's agent the obligation to decide questions of law. Under the exception, the railroad is not liable for action of its agents in notifying police officers of violations of law or suspected violations.[7] This latter is so because of the basic public policy which protects such notification generally[8] and also because of the primary duty of a conductor of a train to protect passengers from injury by others; e. g., assault, robbery, insult, disturbance, etc., in which cases the conductor must call the police. But the exception goes no further. It does not cover the action of the agent in otherwise causing, procuring, assisting in, or participating in the arrest or ejection, or where the arrest is at the instance of the agent.[9] In other words, there is a clear line between the action of an agent of a carrier in merely notifying the police of a violation of law or identifying persons at the request of a police officer, and his action in going beyond mere notification or identification and by some additional act procuring, causing, directing, or participating in an arrest or ejection. Liability in the latter cases rests upon joint tortfeasance or breach of contract, and not upon agency.[10]

It follows that the instruction to the jury by the trial court in the case at bar was correct except for the injection of the issue of agency. It was not necessary that the policeman be the agent of the

[3] New Jersey Steam-Boat Co. v. Brockett, 1887, 121 U.S. 637, 7 S.Ct. 1039, 30 L.Ed. 1049.

[4] Chesapeake & O. R. Co. v. Pack, 1921, 192 Ky. 74, 232 S.W. 36; Mayfield v. St. Louis, I. M. & S. R. Co., 1910, 97 Ark. 24, 133 S.W. 168, 32 L.R.A.,N.S., 525; Baldwin v. Seaboard Air-Line Ry., 1907, 128 Ga. 567, 58 S.E. 35, 13 L.R.A.,N.S., 360; Clark v. Norfolk & W. Ry. Co., 1919, 84 W. Va. 526, 100 S.E. 480, 7 A.L.R. 117; Brunswick & W. R. Co. v. Ponder, 1903, 117 Ga. 63, 43 S.E. 430, 60 L.R.A. 713, 97 Am.St.Rep. 152; Louisville & N. R. Co. v. Byrley, 1913, 152 Ky. 35, 153 S. W. 36, Ann.Cas.1915B, 240; Gillingham v. Ohio River R. Co., 1891, 35 W.Va. 588, 14 S.E. 243, 14 L.R.A. 798, 29 Am.St. Rep. 827; Nashville, C. & St. L. Ry. v. Crosby, 1913, 183 Ala. 237, 62 So. 889; 4 Williston, Contracts, Rev.Ed.1936, § 1094.

[5] Burton v. New York Cent. & H. R. R. Co., 147 App.Div. 557, 132 N.Y.S. 628, affirmed, 1914, 210 N.Y. 567, 104 N.E. 1127; Kinchlow v. Peoples Rapid Transit Co., 1937, 66 App.D.C. 382, 88 F.2d 764; Owens v. Wilmington & W. R. Co., 1900, 126 N.C. 139, 35 S.E. 259, 78 Am. St.Rep. 642; Bowden v. Atlantic Coast Line R. Co., 1907, 144 N.C. 28, 56 S.E. 558, 12 Ann.Cas. 783.

[6] Anania v. Norfolk & W. R. Co., 1915, 77 W.Va. 105, 87 S.E. 167, L.R.A1916C, 439; Birmingham Ry., L. & P. Co. v. Lipscomb, 1916, 198 Ala. 653, 73 So. 962; Louisville & N. R. Co. v. Byrley, 1913, 152 Ky. 35, 153 S.W. 36, Ann.Cas.1915B, 240; 4 Williston, Contracts, Rev.Ed. 1936, § 1094.

[7] Kinchlow v. Peoples Rapid Transit Co., 1937, 66 App.D.C. 382, 88 F.2d 764; Shea v. Sullivan, 1927, 261 Mass. 255, 158 N.E. 771.

[8] Frigg v. Lansburgh, 1394, 5 App.D.C. 30, 38.

[9] Manning v. Atchison, T. & S. F. R. Co. (both majority and dissenting opinions), 1938, 42 N.M. 381, 79 P.2d 922; Eichengreen v. Louisville & N. R. Co., 1896, 96 Tenn. 229, 34 S.W. 219, 31 L. R.A. 702, 54 Am.St.Rep. 833; Duggan v. Baltimore & O. R. R., 1893, 159 Pa. 248, 28 A. 182, 186, 39 Am.St.Rep. 672; Texas Midland R. R. v. Dean, 1905, 98 Tex. 517, 85 S.W. 1135, 70 L.R.A. 943; see Schmidt v. New Orleans Rys. Co. (under civil code), 1906, 116 La. 311, 40 So. 714, and Notes, 1907, 7 L.R.A.,N. S., 162.

[10] Central Ry. Co. v. Brewer, 1894, 78 Md. 394, 28 A. 615, 27 L.R.A. 63; Manning v. Atchison, T. & S. F. R. Co., 1938, 42 N.M. 381, 79 P.2d 922; Texas Midland R. R. v. Dean, 1905, 98 Tex. 517, 85 S.W. 1135, 70 L.R.A. 943; see 4 Williston, Contracts, Rev.Ed.1936, § 1113, and 1 Cooley, Torts, 4th Ed.1932, § 60, p. 172.

railroad company in order that the company be liable. The court, therefore, erred in telling the jury that if it found that the police officer was not acting wholly or partly as an agent of defendant, the verdict must be for defendant.

Appellee urges that the cases were brought by plaintiffs and tried upon the theory of agency. We do not find that the record so presents them. The complaints lay the claim "by reason of the defendant's unlawful action through its agents and servants, as aforesaid, and through persons acting at its instance and behest, * * * and * * * by reason of the defendant's unlawful, wanton and reckless breach of contract, through its agents and servants, * * *." As we read those averments, the "agents and servants" were the conductor and the train crew, and the "persons acting at its instance and behest" were the police. Thus, the complaint lies in tort against the railroad as a tortfeasor with others, i. e., the police, and in contract by reason of the acts of the conductor and train crew in calling the police. The complaint alleges the damages as caused by "actions of the defendant through its lawful agents and servants and police officers acting at its instance."

In his argument upon his motion for a directed verdict, counsel for the railroad presented the view that there was no jury issue "upon the question of agency", but the position of counsel for the appellants was, "In this case we have an actual participation by the company every step of the way", and his argument was that the evidence showed participation by the conductor in the actual ejection, and also showed instructions by the conductor to the officer in addition to mere notification and identification. In reply, counsel for the railroad again urged that the question was one of agency. But the court said that the question was whether the company, through its agents, "indicated" what the police officer should do, whether the conductor "was directing" the officer. And the court denied the motion with the comment, "But the explanation to the officer when the inquiry was made, 'Where do you want them to go?' instead of saying, 'Enforce the law, Officer', he said, 'I want them to go into the next car.'" At that point, it seems clear that appellants were urging participation by the company, through the conductor, at every step in the incident, whereas the company was urging that an agency of the police officer must be shown; and the court was of the view that there was sufficient evidence to go to the jury upon the issue of participation. Later, however, in discussing the prayers, the court told counsel for appellants, "You have to establish agency before this jury before you can recover." Counsel for appellants said, "Suppose he acted at the instance of the railroad company?". The court repeated, "I say if he is not acting as an agent the plaintiffs cannot recover," and counsel for appellants said, "But that begs the entire question." The record contains more of the same nature. In fact, counsel for appellants at one point referred to the removal from the train as being "through this person acting—and I use your Honor's expression—as its agent." But we have quoted enough to show that appellants' claims were made and urged on the basis that the company, by the conductor, actually participated in the ejection, while the railroad was insistent throughout that appellants must show that the officer acted as an agent of the company. This controversy, which ran through the whole case, culminated in that part of the charge to the jury which referred to agency. That part of the charge was, as we have said, error, and because the dispute concerning the point ran persistently through the entire course of the case, we think the error was substantial and reversible.

Appellee says that any theory under which it might be liable, aside from the relationship of agency as between it and the officer, would be a new theory in these cases and was not presented below in this case, and that all the facts have been considered by the jury upon the issue of agency. We cannot agree. The cases, some of which we have cited, appear to us to be in unanimous accord that liability may rest upon a joint tort-feasance entirely apart from an agency, or upon a breach of

contract. Upon the trial, it was appellee's case, not appellants' claim, which was rested upon agency.

Our opinion in this case is consistent with those of this court in Washington, B. & A. Electric R. Co. v. Waller, 1923, 53 App.D.C. 200, 289 F. 598, 30 A.L.R. 50, and Kinchlow v. Peoples Rapid Transit Co., 1937, 66 App.D.C. 382, 88 F.2d 764; and with the decision of the Circuit Court of Appeals for the Eighth Circuit in Thompkins v. Missouri, K. & T. Ry. Co., 1914, 211 F. 391, 52 L.R.A.,N.S., 791.[11]

Reversed.

CLARK, Associate Justice (dissenting).

In my opinion the facts in this case justified the instruction on the agency question. I do not think the instruction unnecessarily limited the jury in its deliberation, and feel that their determination should be upheld.

---

[11] For general discussions of these rules, see Note (1920) 6 Va.L.Rev. 456; Note (1920) 29 Yale L.J. 352; and Note (1939) 24 Corn.L.Q. 274.