JOHN CAFFREY *vs.* WILLIAM F. DRUGAN.

Norfolk.   March 3. — 23, 1887.   FIELD, C. ALLEN, & GARDNER, JJ.,
absent.

If a person, who has been arrested by a police officer without a warrant, under the
Pub. Sts. c. 207, § 25, for being intoxicated in a public place, consents to his
discharge from custody without a complaint being made against him, intending
thereby to release any damages on account of a failure to make the complaint,
and such agreement is fairly and intelligently made, he cannot maintain an
action against the officer for an assault and false imprisonment.

TORT, for an assault and false imprisonment.   Trial in the
Superior Court, before *Blodgett*, J., who allowed a bill of ex-
ceptions, in substance as follows:

The defendant is chief of police of Dedham, and admitted that
he arrested the plaintiff without a warrant, between the hours
of one and two o'clock in the morning of February 14, 1886,
in a public place in Dedham.   The defendant offered evidence
tending to show that the plaintiff, when arrested, was in an in-
toxicated condition.   He was committed to the lock-up of the
town, and detained there until between seven and eight o'clock
in the evening of the next day, which was Monday.   There
was evidence that the trial justice residing in the town was
out of town; that, by reason of an unusual freshet, the public
roads were unsafe for travel, and guards were placed to pre-
vent travel.   On finding that the local justice did not return
at the usual time on Monday afternoon, the defendant sought
to communicate with the justice at Hyde Park by telephone,
but did not succeed; and the defendant testified that this
was communicated to the plaintiff, who was informed that
no court was accessible, and the plaintiff thereupon requested
to be and was discharged, and no complaint was made against
him.

The testimony of the defendant as to discharging the plaintiff
from arrest was as follows: " Between seven and eight o'clock
that afternoon I went to the lock-up.   Caffrey said to me, ' How
long are you going to keep me?'   I said, 'I don't know but
what I shall have to keep you forever.'   Says he, ' Why don't

you let me go home?' I thought it over a moment or two, and I then unlocked the door and let him go."

It appeared that there was a railroad between Dedham and Hyde Park, and that trains ran as usual on Monday, February 15, 1886.

Upon this evidence the defendant asked the judge to instruct the jury, that, if they found that the plaintiff consented to his discharge, he could not recover. This instruction was refused, and the judge instructed the jury that the only question for them to consider was the question of damages.

The jury returned a verdict for the plaintiff in the sum of $50; and the defendant alleged exceptions.

*A. B. Wentworth*, for the defendant.

*T. E. Grover & P. Daly*, for the plaintiff.

DEVENS, J. The plaintiff had been arrested by the defendant, who was a police officer, by virtue of the Pub. Sts. c. 207, § 25, which permit the arrest of an intoxicated person in certain cases without a warrant, and further require that such person shall be " kept in custody in some suitable place until he is so far recovered from his intoxication as to render it proper to carry him before a court or trial justice. The officer may then make· a complaint against him for the crime of drunkenness." While the St. of 1869, c. 415, § 42, uses the phrase " shall " arrest, and the phrase " may" arrest is found in the corresponding section of the Public Statutes, no different signification is to be attributed to the two phrases. It is still the duty of the officer· to make complaint after having arrested without a warrant. *Phillips v̇. Fadden*, 125 Mass. 198. *Commonwealth* v. *Cheney*, 141 Mass. 102.

There was evidence that, on the Monday after the arrest, on account of a severe flood and the absence of the trial justice from Dedham, no court was accessible to which the complaint could be made; that the plaintiff was informed of this by the defendant; and that thereupon the plaintiff requested to be and was discharged, and no complaint was made against him.

The learned judge who presided at the trial was requested to instruct the jury that, if the plaintiff consented to his discharge without being complained of before a court, in a case where he was arrested without a warrant, and where, but for such request

or consent, it would be the duty of the officer to make a complaint, it would operate to release the officer from any liability for a failure to do so.

This instruction was substantially that given by the Superior Court as reported in the cases of *Brock* v. *Stimson*, 108 Mass. 520, and *Phillips* v. *Fadden, ubi supra*. In neither case was it necessary in this court carefully to consider the point here presented, as the defendant was in each case the excepting party, and the instruction given was sufficiently favorable to him.

The plaintiff argues that, in the case at bar, his consent or request was obtained by the procurement of the defendant and unfairly. Undoubtedly when a party is under arrest, any agreement or arrangement that he may make to waive any further proceedings, and to release any damages he may be entitled to, if such proceedings are not taken, is one to be carefully scrutinized. It would be a question for the jury to decide, whether it was fairly and intelligently made, or whether it was procured by false representations, or by any coercion exercised by means of the fact that the party making it was then under arrest. If so procured, the party would not be bound by it, and, if the case had been thus submitted, the defendant would have had no just ground of complaint. But the inquiry which the defendant desired to present was independent of these considerations; and the ruling of the court can only be interpreted as holding that no agreement could be made between the plaintiff and the officer which would operate to release the latter from liability to the plaintiff if he failed to make complaint. Upon this more general ground, the plaintiff urges that there are really three parties to this transaction, the State, the plaintiff, and the defendant; that, the State having for public reasons, by positive statutory law, required the officer to take the person arrested before a court, to discharge him without so doing was to commit an offence; and that the plaintiff's consent to the commission of such an offence, or to release damages therefor, was wholly void. It may be easy to conceive a case where, even if the party arrested consented that no complaint should be made, and to release any damages on account thereof, the officer might be properly the subject of just animadversion if he failed to make it. But the great object of the statute is to provide proper safeguards for those arrested without

a warrant, by requiring that they shall be promptly brought before a court. If a party is ready to waive this provision made for his protection, and to release any damages to which he might be entitled if the duty of the officer in this respect is not performed, there is no reason, as between himself and the officer, why he should not be permitted to do so. It is obvious that, in many instances, persons arrested might thus save themselves from a painful and degrading exposure of acts which, even if disorderly and turbulent, were rather those of weakness and folly than of serious criminality.

We are therefore of opinion, that, if the plaintiff requested or consented to his discharge, intending thereby to release any damages on account of a failure to make complaint, and such agreement was fairly and intelligently made, he is not entitled to damages on account of such failure; and that the jury should have been thus instructed. *Exceptions sustained.*