## ROBERT P. BATH vs. E. D. METCALF & others.

Worcester.   Oct. 4. — Nov. 23, 1887.   C. ALLEN & KNOWLTON, JJ., absent.

A. was arrested wrongfully, without a warrant, on a charge of felony, by two police officers of a city, and taken to the lock-up. Afterwards the city marshal, having reason to believe that A. was innocent, and having made up his mind to release him, sent him, the assistant marshal taking part in such act, from the lock-up to the railroad station in the custody of an officer other than those who arrested him, who released him only when on a train, and just before it started. *Held*, that A. could maintain an action against the five officers jointly for the imprisonment between the lock-up and the train.

HOLMES, J. This is an action for false imprisonment against seven defendants, five of whom the jury have found guilty. Of these five, the defendants Hadd and Wheeler made the original arrest, without a warrant, on a charge of felony. We cannot say that the evidence, if believed, showed that Hadd and Wheeler had reasonable grounds to suspect the plaintiff of being a pickpocket, (supposing the justification to be well pleaded,) whether the question was properly one for the jury, or was for the court, like other questions of reasonable cause. Compare *Rohan* v. *Sawin*, 5 Cush. 281; *Good* v. *French*, 115 Mass. 201; *Davis* v. *Russell*, 5 Bing. 354; *Hill* v. *Yates*, 8 Taunt. 182; *Mure* v. *Kaye*, 4 Taunt. 34; 2 Hawk. P. C. *c.* 12, § 18; 2 Inst. 52. If the original arrest was wrongful, those who made it were answerable for the subsequent detention of the plaintiff under it; *Murphy* v. *Countiss*, 1 Harring. 143; *Powell* v. *Hodgetts*, 2 C. & P. 432; and, although the officers who carried the plaintiff in custody from the lock-up to the railroad station, after they had determined to release him, would have been liable, even if the previous imprisonment had been lawful, we do not think this continuation of the unlawful imprisonment so remote that the jury could not properly hold Hadd and Wheeler responsible for it. See also *Roswell* v. *Prior*, 12 Mod. 635, 640.

The defendant Pettis was city marshal, and, whether responsible for the arrest and detention of the plaintiff in the lock-up or not, sent the plaintiff to the railroad station in custody, after he had reason to believe him innocent, and had made up his mind to release him. The defendant Wright, the assistant marshal, took part in sending the plaintiff to the station, and the defendant Graves was the officer who took him there, only releasing him when on the train, and just before it started.

As we have said, we think that, even if the arrest had been lawful, the officers would have had no right to prolong the imprisonment beyond the doors of the lock-up for the purpose of sending the plaintiff out of town, and would have been liable, whether they had a right to release him without bringing him before a magistrate or not. See *M' Cloughan* v. *Clayton*, Holt N. P. 478, 480; 1 Hale P. C. 592; *Brock* v. *Stimson*, 108 Mass. 520; *Phillips* v. *Fadden*, 125 Mass. 198; *Caffrey* v. *Drugan*, 144

Mass. 294. The only purpose for which an imprisonment without a warrant can be justified, in circumstances like the present, is that further proceedings may be instituted in due form. *Rohan* v. *Sawin*, 5 Cush. 285. *Wright* v. *Court*, 6 Dowl. & Ry. 623, 624; *S. C.* 4 B. & C. 596. *A fortiori*, these officers are liable if the original arrest was unlawful, for then the whole detention under it was unlawful. *Aaron* v. *Alexander*, 3 Camp. 35. *Griffin* v. *Coleman*, 4 H. & N. 265. It thus appears that the evidence warranted a verdict against each of the defendants named, and against all of them jointly; and that the instructions asked to the contrary were properly refused.

If the arrest had been made upon reasonable grounds of suspicion against the plaintiff, the defendants Hadd and Wheeler could not have been held liable for a subsequent wrongful imprisonment in which they took no part. On the other hand, Graves, at least, was not answerable for the imprisonment before the plaintiff was taken from the police station to the train, as he took no part in that. *Aaron* v. *Alexander* and *Powell* v. *Hodgetts*, *ubi supra*.

It follows that a verdict could be found against the five defendants jointly only for the imprisonment between the lock-up and the train, and on the ground that the arrest was wrongful. We regret that it does not appear that these considerations were brought distinctly to the jury's attention. But we cannot say that they were not; the exceptions are only to the refusal of rulings which were properly refused; and, as the jury were fully instructed that they could not find a verdict against two or more defendants unless they found that all such defendants participated in the same imprisonment and were parties to a joint wrong, we must assume that the verdict went on the proper ground, and covered the proper time.

*Exceptions overruled.*

*G. Wells*, for the defendants.

*F. W. Blackmer & E. H. Vaughan*, for the plaintiff.