## PATRICK JOYCE *vs.* B. FRANK PARKHURST.

Worcester.　　October 1, 1889. — November 29, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*City Charter — Police Officer — Arrest without Warrant — Failure to make Complaint — Waiver — Evidence.*

The mayor and aldermen of Worcester may, under the city charter (St. 1866, c. 199), conferring upon them the power to appoint police officers generally, appoint a special police officer without any limitation as to time or place, although the police ordinance of the city, in c. 11, § 34, provides for the appointment of "special police for day or night service"; and such officer will have all the powers of a police officer throughout the city, including the power to arrest intoxicated persons without a warrant, under the Pub. Sts. c. 207, § 25.

A police officer arrested in the evening, without a warrant, an intoxicated person who was making a noise in the yard of a city almshouse, and the next morning let him go without making a complaint against him. In an action for an assault and false imprisonment brought against the officer by such person, there was evidence that, as the defendant was about to take the plaintiff before a district court to make complaint against him, the plaintiff asked him "not to do so, but to let him go," saying further that "he had nine children, and did not

want the defendant to take him before the court, but wanted to go home and take care of his family," and that thereupon the defendant let him go. *Held,* that the evidence would warrant a finding that there was a release of damages by the plaintiff on account of the failure of the officer to take him before the court and make complaint.

At the trial the defendant was permitted to introduce evidence that there was a large number of inmates in the almshouse within hearing of the noise, and that they and he were disturbed by it; that the plaintiff made no claim on the defendant before commencing the action; and, the plaintiff having testified as to what he did and what took place the morning after the arrest, that he was at that time under the influence of liquor. *Held,* that the evidence was properly admitted.

TORT for an assault and false imprisonment. Trial in the Superior Court, before *Staples,* J., who allowed a bill of exceptions, in substance as follows.

There was evidence on the part of the defendant, that the plaintiff, on the evening of September 15, 1885, came with a horse and wagon into the yard of the almshouse belonging to the city of Worcester ; that he was intoxicated, was talking in a loud tone, and was using threatening and profane language; that the defendant, who was in the almshouse, heard the noise, and, perceiving that the inmates were disturbed, went into the yard and requested the plaintiff to go away, and upon his refusing to do so arrested him. The defendant testified that the next morning, as he was about to take the plaintiff to a district court to make complaint against him, the plaintiff asked him not to do so, but to let him go; that the plaintiff said that he had nine children, and did not want the defendant to take him before the court, but wanted to go home and take care of his family; and that he then let the plaintiff go.

The defendant offered in evidence the records of the board of aldermen of Worcester, by which it appeared that on January 12, 1885, a vote was passed which recited that the mayor appointed the defendant as a special police officer, and that the aldermen approved the appointment ; and that he was sworn in as such on January 12, 1885. The defendant further offered in evidence § 13 of the city charter (St. 1866, c. 199), as well as § 11 of c. 34 of the ordinances of the city relating to the police, which was as follows : " The mayor and aldermen may appoint such number of special police for day or night service as they may deem necessary, and fix their compensation."

The defendant was permitted to testify, against the plaintiff's objection, as to the number of the inmates in the almshouse; that the plaintiff's noise disturbed him; and that he had received no communication from the plaintiff prior to the bringing of the action; and the plaintiff excepted. The plaintiff having testified that on the morning after his arrest he went to the office of the city marshal to find out where his horse was and as to what happened there, the defendant was permitted, also against the plaintiff's objection, to introduce evidence, for the purpose of affecting the credit of the plaintiff, that the plaintiff while there was under the influence of liquor, and did not seem to know what he was about.

The plaintiff asked the judge to instruct the jury, among other things, as follows:

1. " The appointment of a person as ' special policeman ' by the mayor and aldermen of the city of Worcester, without some specific designation of the time or locality within which his duties were to be performed, would not authorize the person so appointed to arrest and detain a person under the provisions of chap. 207, sec. 25, of the Public Statutes."

2. " The defendant must satisfy the jury, by a fair preponderance of the evidence, that when he arrested the plaintiff he, the plaintiff, was intoxicated; . . . that when he allowed him to depart in the morning it was by the request or consent of the plaintiff, intelligently and understandingly made, that no complaint should be made against him, and that released the defendant from all liability for arresting him without a warrant."

The judge declined so to instruct the jury, and instructed them, among other things, that, " if the plaintiff requested or consented to his discharge, intending thereby to release any damages on account of a failure to make complaint, and such agreement was fairly and intelligently made, he is not entitled to damages on account of such failure "; and " that if the evidence of the defendant as to what occurred in the morning between him and the plaintiff is believed, it would warrant the jury in finding that there was a release of damages by the plaintiff on account of the failure of the officer to take him before the court and make complaint."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*A. E. Avery*, for the plaintiff.

*F. P. Goulding*, for the defendant.

MORTON, C. J.  The plaintiff's objection that the defendant was not duly appointed a police officer cannot be sustained.  It appeared by the records of the board of aldermen of Worcester, that on January 12, 1885, the mayor appointed and the aldermen approved the defendant as a special policeman.  The charter of Worcester provides that " the mayor and aldermen shall have full and exclusive power to appoint a constable or constables, and a city marshal and assistants, with the powers and duties of constables, and all other police officers."  St. 1866, c. 199, § 13.  An ordinance of the city provides that " the mayor and aldermen may appoint such number of special police for day or night service as they may deem necessary."  City Ordinances, c. 34, § 11.  This ordinance does not limit the general power of the mayor and aldermen to appoint police officers conferred by the charter, and the appointment of the defendant without any limitation as to time or place gave him all the power of a police officer throughout the city.  *Commonwealth* v. *Hastings*, 9 Met. 259.  Among these powers was the power to arrest without warrant any person found in a state of intoxication in a public place, or found in any place in a state of intoxication committing a breach of the peace or disturbing others by noise.  Pub. Sts. c. 207, § 25.

In the case at bar, the jury have found that the plaintiff when arrested was in a state of intoxication, committing a breach of the peace or disturbing others by noise.  His arrest, therefore, was legal.  But he contends that the failure of the officer to make a complaint against him for drunkenness on the next morning makes the officer liable in this action.  Pub. Sts. c. 207, § 25.  The object of the provision requiring the officer to make a complaint is the protection of those arrested without warrant by insuring that they shall be promptly brought before a court; and it has been repeatedly held that a party thus arrested may waive this provision, and that, if he requests his discharge, with the understanding that he is to release any damages to which he might otherwise be entitled by reason of

the failure of the officer to make a complaint, he cannot afterwards hold the officer responsible.   *Caffrey* v. *Drugan*, 144 Mass. 294, and cases cited.

In the case before us, the evidence tended to show that, on the morning after the arrest, the defendant was about to take the plaintiff before the district court to make complaint against him, that the plaintiff asked him " not to do so, but to let him go," and further said that " he had nine children, and did not want the defendant to take him before the court, but wanted to go home and take care of his family," and that thereupon the defendant let him go.   Such a request shows the intention of the plaintiff to waive his rights, and fairly implies an understanding that he shall not hold the defendant responsible for granting the request, and would warrant the jury in finding that there was a release of damages by the plaintiff on account of the failure by the officer to take him before the court and make complaint. The plaintiff has no ground to complain of the instructions of the court upon this part of the case.

The plaintiff took several exceptions to the admission of evidence, but none of them can be sustained.   For the purpose of showing that the plaintiff was " disturbing others by noise," it was clearly competent for the defendant to show that there was a large number of inmates in the almshouse within hearing of the noise, and that they and he were disturbed by it.   The fact that the plaintiff made no claim on the defendant before commencing the action, though probably of very little weight, was admissible as showing the conduct of the plaintiff in regard to his claim.

The plaintiff having testified as to his going to the city marshal's office on the morning after the arrest, and as to what took place there, it was competent to show, as affecting his credit as to this portion of his testimony, that he was under the influence of liquor at that time.

*Exceptions overruled.*