## Benjamin Wax *vs.* Dennis P. McGrath.

Norfolk.   December 9, 10, 1925. — March 30, 1926.

Present: Braley, Pierce, Wait, & Sanderson, JJ.

*False Imprisonment. Police. Evidence,* Presumptions and burden of proof. *Release,* Validity.

An exception to the exclusion of a material question asked of a defendant by his own counsel, when he was called as a witness for the plaintiff, will not be sustained where it appears that the counsel, having stated, "I will change the form of the question," does so and then elicits the testimony he sought.

If a police officer unlawfully arrests a person and takes him to a police station, where he is detained in a cell, the arrest and detention are a continuing tort for which the police officer is liable in an action of tort for false imprisonment.

If, in an action of tort against a police officer for false imprisonment of the plaintiff, the defendant relies in defence upon an alleged justification of his act, the burden is upon him to establish such justification and it is proper to refuse a request for a ruling, that the burden is on the plaintiff to prove by a preponderance of the evidence that there was no probable cause for the arrest of the plaintiff or that it was done maliciously.

In the action above described, it was proper to refuse a ruling that "it will be inferred from the facts and from the absence of evidence to the contrary that the defendant's conduct was in pursuance of his authority and in accordance with it."

An exception to a refusal to grant a ruling which is a correct statement of law applicable to the issue on trial will not be sustained if the judge in his charge sufficiently safeguarded the rights of the excepting party on the matter involved in the ruling although it was not given in terms.

At the trial of the action above described, it appeared that the defendant arrested the plaintiff as a person suspected of having committed a felony. The judge charged the jury in substance: "If the defendant, under all the circumstances acting as a reasonably cautious and prudent person, was justified in entertaining those suspicions in view of all the circumstances disclosed, then that is an adequate and sufficient defence in this case," and explained what he defined as a reasonable cause for suspecting a person of having committed a felony. *Held,* that the charge sufficiently safeguarded the rights of the defendant.

At the trial of the action above described, it appeared that, after first refusing, and then being left to think it over, the plaintiff, at the suggestion of a police officer and as a necessary prerequisite to his release, protesting that he did not do so willingly, signed a waiver of his rights and was released. In the circumstances it was *held,* that on the evidence the questions, whether the plaintiff voluntarily executed and delivered

the release, or whether he was induced to act in the belief pressed upon him and reiterated by the officer, that unless he signed he could not regain his freedom; and whether the plaintiff was led to believe by the officer's representations that the paper was only a waiver of arraignment, whereas it also contained a release of the defendant from all civil liability, were for the jury.

TORT for false imprisonment. Writ dated June 16, 1924.

In the Superior Court, the action was tried before *Macleod*, J. Material evidence, requests by the defendant for rulings, instructions by the judge to the jury and exceptions saved by the defendant are described in the opinion. The jury found for the plaintiff in the sum of $1,000. The defendant alleged exceptions.

*C. O. Pengra,* for the defendant.

*L. Marks,* (*W. N. Olin* with him,) for the plaintiff.

BRALEY, J. The jury could find on the evidence that the defendant, a police officer of the town of Brookline, in the afternoon or early in the evening of June 12, 1924, without having any warrant took the plaintiff, an insurance agent, into custody, and that in the plaintiff's car which he was operating they drove to the police station. The defendant at the time of the plaintiff's detention interrogated him as to his name, residence, the name of the insurance company by which he said he was employed, as well as where he was and what he was doing "last night about this time." At the police station in response to the plaintiff's inquiry why he was detained, the defendant took him to the sergeant's desk, and said, "I am placing this man under arrest for being a suspicious person." The plaintiff was then "booked," and after his pockets had been searched, and "his valuables" taken "the sergeant, when he saw the money, suggested that plaintiff bail himself out." The plaintiff declined, and was taken by police officers to a cell. But the plaintiff was never "taken before a district court or trial justice to be examined and prosecuted" as provided in G. L. c. 41, § 98.

There was evidence that certain personal property had been stolen the night before by breaking and entering a building in the vicinity, and that the person committing the crime probably used a small car, as the window through which entrance was effected was some distance from the

ground, and that the defendant had made an investigation of the circumstances. The offence was a felony. G. L. c. 266, § 20; c. 274, § 1. It is settled that if the defendant as a police officer had reasonable cause to suspect that the plaintiff was guilty of a felony he had the right to arrest him without a warrant. *Commonwealth* v. *Phelps,* 209 Mass. 396, 404.

The defendant, called as a witness by the plaintiff, was asked on cross-examination, "Did you consider the plaintiff might have been guilty of that crime?" The question was excluded and the defendant excepted. The defendant's counsel however then said, "I will change the form of the question," and asked, "did you believe at any time that Mr. Wax was guilty of a crime?" "Yes, sir . . . ," and in response to other questions gave his reasons for that belief. The defendant therefore suffered no prejudicial error. *Morrison* v. *Lawrence,* 186 Mass. 456, 458.

The present action is not for malicious prosecution, a wrong distinct from that of false imprisonment, which consists in imposing by force or threats an unlawful restraint upon freedom of movement. *Wood* v. *Graves,* 144 Mass. 365. If the arrest was found illegal, the detention at the station and in a cell was also illegal, and a continuing tort for which the defendant is responsible. *Bath* v. *Metcalf,* 145 Mass. 274. It follows, that the restraint of the plaintiff against his will was wrongful, and constituted a false imprisonment unless justification was shown by the defendant on whom the burden of proving it rested. The defendant's sixth request that the burden is on the plaintiff to prove by a preponderance of the evidence that there was no probable cause for the arrest on the part of the defendant, or that it was done maliciously could not have been given. *Bassett* v. *Porter,* 10 Cush. 418. *Bath* v. *Metcalf, supra. Jackson* v. *Knowlton,* 173 Mass. 94. The third request, that "it will be inferred from the facts and from the absence of evidence to the contrary that the defendant's conduct was in pursuance of his authority and in accordance with it," was also denied rightly. These questions were for the jury under appropriate instructions. *Mason* v. *Lothrop,* 7 Gray, 354.

The defendant by the thirteenth request asked the judge to rule, "That the defendant is not bound to show in his justification that a felony was actually committed to render the arrest lawful. He is sufficiently within his rights if he suspects one on his own knowledge of facts or on facts communicated to him by others, and thereupon he has reasonable grounds to suspect that the accused has been guilty of felony, the arrest is not unlawful." It was a correct statement of the law. *Commonwealth* v. *Phelps,* 209 Mass. 396, 404. But the judge was not required to give this request as framed, and the following instructions sufficiently safeguarded the defendant's rights.

"Now the fact, if it be a fact, upon the evidence, that at the time of the arrest the police officer suspected that this man had been guilty of a felony, . . . which I understand to be the claim, of the suspicion that existed in the mind of the officer at that time, the fact that he believed that this man was involved in a break which occurred somewhere in that neighborhood on the night before, — the fact, I say, that he may have suspected him of that is not conclusive by way of exonerating him of his action. . . . The question as to whether or not he acted in good faith in what he believed to be in the performance of his duty or whether he acted maliciously and the intent with which his action was taken, whether it was merely the good intent of a really loyal officer performing his duty and protecting the citizens of the town or otherwise, is not an issue which determines the responsibility here. The fact he entertained suspicion against this person is material so far as it goes but it doesn't go far enough unless the suspicions that he entertained were reasonable suspicions, and that I think is the crux of this case. And with respect to the ordinary rule which is laid down in most of the cases in regard to what is reasonable, what is a reasonable cause for suspecting a person of having committed a felony as defined by the courts is: 'Probable cause is a reasonable ground of suspicion of guilt, or guilt suspected, by circumstances sufficiently strong in themselves to warrant a cautious and prudent man in entertaining an honest belief that a party is guilty.' And if the defendant

acted on such information as would induce a reasonably prudent man to believe the plaintiff guilty he was not liable. In other words, did the defendant in this case in what he did in the way of putting the plaintiff under arrest, have before him such evidence or information, either in what he saw or what they told to him with respect to the plaintiff, as to justify a reasonably cautious and prudent man in suspecting the plaintiff of having been involved in the breaking and entering of a store some distance down the same street? . . . If the defendant under all the circumstances acting as a reasonably cautious and prudent person, was justified in entertaining those suspicions in view of all the circumstances disclosed, then that is an adequate and sufficient defence in this case.   It would not make any difference as to whether or not it might afterwards turn out that the party whom he arrested was innocent.   Nevertheless, if his conduct or actions were of such an apparently compromising character as to justify a reasonable person in suspecting him of complicity in a felony, that is sufficient to justify the officer."   ·

If the plaintiff chose to waive the statutory requirement he could consent to his release without being taken before a court or magistrate, and discharge any claim he otherwise might have had against the defendant.   *Keefe* v. *Hart*, 213 Mass. 476, 482.   The defendant pleads such a release under seal, with a further provision releasing the defendant from any liability.   The evidence of the circumstances under which the release was obtained was conflicting.   While the sergeant testified that the defendant signed of his own free will, the jury on the plaintiff's testimony would have been warranted in finding, that the plaintiff was searched, and the sergeant when he saw the money suggested, "that plaintiff bail himself out."   The plaintiff asked "how much it would cost," and was told $2.   He replied, "This thing wouldn't cost me a red cent."   The plaintiff was then taken to a cell by several officers and after he had been there two hours an officer visited him and said, "Well, it seems we know who you are, but you will have to sign a paper," and a colloquy followed.   The plaintiff inquired as to the nature of the paper, and was then told, "We want you to sign a

paper if you want to get out. It is simply a paper you want to get out with your consent." The plaintiff declined, and was told to "think it over." "Well, have you thought it over about signing a paper to get out?" The plaintiff said, "I will tell you, I want to get out. I have two children at home. There is a housekeeper with them and they are worried when I don't get home at a certain hour. I suppose I will have to sign if I want to get out. I am not signing any paper willingly." "If that is the only way I can get out I will sign it, I am signing the paper because it is you tells me to sign it, who the other man is I don't know." The plaintiff was then led from the cell to the sergeant's desk, who told him to sign it. The plaintiff signed the alleged release, received his "valuables" and money, walked into the yard, and drove his car out. It was for the jury to determine whether the plaintiff voluntarily executed and delivered the release, or whether he was induced to act in the belief pressed upon him and reiterated by the officer, that unless he signed he could not regain his freedom. *Morse* v. *Woodworth*, 155 Mass. 233. *Stevens* v. *Thissell*, 240 Mass. 541. It also was for the jury to say whether the plaintiff was led to believe by the officer's representations that the paper was only a waiver of arraignment, when it also contained a release of the defendant from all civil liability. *McNamara* v. *Boston Elevated Railway*, 197 Mass. 383.

The refusal of the defendant's first request that on all the evidence the plaintiff could not recover shows no error of law. The defendant excepted "to the charge relative to the release." It is contended the instructions were erroneous. In examining the charge no error is found. The instructions were sufficiently full and clear. "'If it is found that the plaintiff consented to his release without being brought before a magistrate and waives this requirement of the law and discharges the defendant against any claim for damages, then the jury must find for the defendant.' I am reading one of the defendant's requests. So, as far as this phase of the case is concerned, the issue turns upon your determination of the circumstances under which that release was signed, because the plaintiff says that, while that may be

true in the case of the release, [if] it has been voluntarily executed by the plaintiff, in this particular case the general rule would not apply because this was not a case of voluntary release but a release which was obtained from the plaintiff by coercion or duress and where he was in such a condition that he was practically told that he would have to sign that release in order to be released from his confinement in the cell. With respect to that issue the principle involved, is, I think, fairly and adequately covered in the opinion of the court in another case and I will read from that opinion inasmuch as it seems to bear on this issue: 'The plaintiff argues that in the case at bar consent or request was obtained by the procurement of the defendant and unfairly. Undoubtedly when a party is under arrest any agreement or arrangement that he may make to waive any further proceeding and to release any damages he may be entitled to if such proceedings are not taken is one to be carefully scrutinized. It would be a question for the jury to decide whether it was fairly and intelligently made or whether it was procured by false representation or by any coercion exercised or by means of the fact that the party making them was then under arrest. If so procured the party would not be bound by it.' That is the issue in regard to this release. If the release was executed by the plaintiff of his own volition and of his own free will and accord, free from coercion or restraint existing either from words or from any circumstances which may have existed at the time, it constitutes a complete defence to any action now brought. If, on the other hand, the release was procured by coercion, by means of the fact that the party making the release was then under arrest, or otherwise, then the release would not affect the rights of the parties in this action and should be disregarded."

The exception, "to your charge as to when the arrest took place" not having been argued need not be considered, and, finding no reversible error, the entry must be,

*Exceptions overruled.*