## DANIEL DOHERTY *vs.* EDWARD SHEA
### (and a companion case [1]).

Suffolk.    June 26, 1946. — September 12, 1946.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

Arrest and. Imprisonment. Drunkenness. Police. Practice, Civil, Pretrial report. Evidence, Presumptions and burden of proof.

At the trial of an action against a police officer for false imprisonment of the plaintiff, it was error to order a verdict for the defendant on the ground that he "was not the arresting officer" where a pre-trial report, unamended, disclosed that the parties had stipulated that both he and another officer had arrested the plaintiff.

Statement by RONAN, J., of obligations placed by statute upon a police officer arresting without a warrant a person found intoxicated in a public place.

In an action against a police officer for false imprisonment of the plaintiff, where it appeared that, after the defendant, without a warrant, had arrested the plaintiff for drunkenness, no complaint for drunkenness

---

[1] The companion case is by the same plaintiff against Herbert T. Lynch.

was made against him and he was not brought before a court therefor, the burden was on the defendant to establish a defence that the plaintiff had released him from liability for the arrest and detention.

The question, whether the plaintiff in an action against a police officer for false imprisonment had been discharged from custody upon signing a formal release or a request for a release from custody in accordance with G. L. (Ter. Ed.) c. 272, § 45, should not have been left to the jury where there was no evidence that the plaintiff had signed such a release or request.

TWO ACTIONS OF TORT. Writs in the Superior Court dated October 25, 1941.

The actions were tried before *Burns*, J.

*J. Finnegan*, for the plaintiff, submitted a brief.

No argument nor brief for the defendants.

RONAN, J. The plaintiff brought a separate action of tort against each of the defendants, who were police officers of the city of Boston, for assault and battery and for false imprisonment. The judge directed a verdict for Shea on the count for false imprisonment, and the jury returned verdicts for both defendants on the counts for assault and battery and for the defendant Lynch on the count for false imprisonment. The only questions now presented and considered are whether the judge erred in directing a verdict for Shea on the count for false imprisonment and in leaving to the jury on the count for false imprisonment in the action against Lynch the question whether the plaintiff was discharged from custody upon signing a release or a request for a release in accordance with G. L. (Ter. Ed.) c. 272, § 45.

There was evidence that Lynch arrested the plaintiff for drunkenness upon a public way; that an altercation arose between them; that Shea came to the assistance of Lynch and participated in the arrest of the plaintiff; and that the plaintiff was confined at the police station until he was released by a probation officer. There was also evidence that the plaintiff was sober at the time of his arrest.

The judge directed a verdict for Shea on the count for false imprisonment on the ground that "Shea was not the arresting officer." The pre-trial report disclosed that the parties had stipulated that both defendants had arrested the plaintiff, and the report, which neither party so far as ap-

pears sought to amend, governed the trial of the action against Shea and settled the issue that Shea was one of the arresting officers. There was error in ruling that he was not. *Fanciullo* v. *B. G. & S. Theatre Corp.* 297 Mass. 44, 51. *Gurman* v. *Stowe-Woodward, Inc.* 302 Mass. 442, 444, 445. *Mitchell* v. *Walton Lunch Co.* 305 Mass. 76, 80. *Lishner* v. *Bleich,* 319 Mass. 350.

Perhaps it might be proper to add that, apart from the pre-trial report, the evidence, if believed, was sufficient to show that Shea was one of the officers who arrested the plaintiff, who was sober, and that Shea was liable for the consequences which followed the arrest. See *Phillips* v. *Fadden,* 125 Mass. 198; *Bath* v. *Metcalf,* 145 Mass. 274, 275; *Wax* v. *McGrath,* 255 Mass. 340.

If the plaintiff was intoxicated at the time he was apprehended, the statutes place certain obligations toward him upon the arresting officer. A police officer may arrest without a warrant a person found to be intoxicated in a public place and keep him in custody until he has recovered from his intoxication, G. L. (Ter. Ed.) c. 272, § 44; *Commonwealth* v. *Coughlin,* 123 Mass. 436; *Commonwealth* v. *Cheney,* 141 Mass. 102; *Joyce* v. *Parkhurst,* 150 Mass. 243; and an officer arresting a person for drunkenness shall make a complaint against him at the next session of the court in order that the court may proceed to dispose of the case according to law. G. L. (Ter. Ed.) c. 272, § 45. See St. 1946, c. 274. *Hobbs* v. *Hill,* 157 Mass. 556. The person arrested has the right to be brought before the court, and the failure of the officer or someone in his behalf, *Gainey* v. *Parkman,* 100 Mass. 316, to make a complaint against him renders the officer liable for false imprisonment. *Phillips* v. *Fadden,* 125 Mass. 198. *Wax* v. *McGrath,* 255 Mass. 340. *Shea* v. *Sullivan,* 261 Mass. 255. But the person arrested may waive his right to be brought to court and secure his discharge from custody by agreeing with the arresting officer or the one holding him in custody that, if discharged, he will not hold him liable for his detention, or by signing a release. *Caffrey* v. *Drugan,* 144 Mass. 294. *Joyce* v. *Parkhurst,* 150 Mass. 243. *Bates* v. *Reynolds,* 195 Mass. 549. *Shea* v. *Sullivan,* 261 Mass.

255.  One arrested for drunkenness may secure his discharge in certain instances by making a written statement "and requesting to be released from custody," G. L. (Ter. Ed.) c. 272, § 45, see St. 1946, c. 274; "and an officer making an arrest . . . shall not be liable for illegal arrest or imprisonment, if the person arrested is so released at his request." G. L. (Ter. Ed.) c. 272, § 46.  *Horgan* v. *Boston Elevated Railway,* 208 Mass. 287, 289.

No complaint for drunkenness had been lodged against the plaintiff, and he had never been brought before the court.  The burden was upon the defendants to prove that the plaintiff had released them from liability for his arrest and detention.  *Jackson* v. *Knowlton,* 173 Mass. 94.  *Keefe* v. *Hart,* 213 Mass. 476.  *Roseman* v. *Korb,* 311 Mass. 75. *McDermott* v. *W. T. Grant Co.* 313 Mass. 736.  The probation officer testified that he examined the record, found that the plaintiff had no record for drunkenness, and discharged him.  He did not know whether the plaintiff signed a release. To the same effect was the testimony of the officer in charge of the place where the plaintiff was confined.  The defendant Lynch testified that as far as he knew the plaintiff did not sign any release.  The plaintiff testified that he refused Lynch's request to sign a release.  No release was presented, although the plaintiff's counsel demanded that it be produced if it was contended that any release was executed.  It is plain from the testimony and from the charge that the judge and the parties were dealing not with a formal release but with a request for a release from custody by one who had been arrested for drunkenness as provided by the statute.  G. L. (Ter. Ed.) c. 272, § 45.  At any rate there was nothing to show that the plaintiff signed any formal release or any written request for his discharge from custody, and there was error in leaving the question to the jury.  *Brock* v. *Stimson,* 108 Mass. 520, 521.  *Hull* v. *Boston & Maine Railroad,* 210 Mass. 159, 164.  *Taub* v. *United States Trust Co.* 303 Mass. 339.  *Russell* v. *Berger,* 314 Mass. 500, 502.

It follows that the plaintiff's exceptions must be sustained, and that a new trial in each case is to be had upon the count for false imprisonment.                *So ordered.*