## PON v. UNITED STATES.
### No. 4315.

Circuit Court of Appeals, First Circuit.
May 25, 1948.

Michael Carchia, of Boston, Mass., for appellant.

---

W. Arthur Garrity, Jr., Asst. U. S. Atty., of Boston, Mass. (William T. McCarthy, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before MAHONEY and WOODBURY, Circuit Judges, and PETERS, District Judge.

PETERS, District Judge.

The defendant has appealed from a judgment of conviction after a trial by jury upon his plea of not guilty to an indictment charging him with a violation of Section 174, Title 21 U.S.C.A., by receiving and concealing narcotic drugs.

At the conclusion of the evidence defendant's counsel moved for an acquittal on the ground that the arrest of the defendant was illegal. This motion was renewed after a verdict of guilty was taken, accompanied by a motion for a new trial. The motions were denied.

The defendant attacks the jurisdiction of the court over his person on the ground that the officers, who arrested him without a warrant, had no reasonable cause to believe that he had committed a felony. The motion for a new trial was based on the claim that the verdict was not supported by substantial evidence.

We are impressed by neither of these contentions.

The defendant went to trial on his plea of not guilty without objecting to the jurisdiction of the court over his person and thereby waived such objection. He cannot question the legality of his arrest at a later stage in the proceeding. This has long been the rule and the practice.

"While the competency of any court to adjudicate the subject matter may always be questioned, jurisdiction of the person, if not challenged upon appearance, is equivalent to consent." Chapman v. Scott, D.C., 10 F.2d 156, 159, Affirmed 2 Cir., 10 F.2d 690; Ford v. United States, 273 U.S. 593-606, 47 S.Ct. 531, 71 L.Ed. 793.

Rule 12(b) (2) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 723c, provides that "Defenses and objections based on defects in the institution of the prosecution or in the indictment or information other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant. Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver".

The same rule also provides that, "Lack of jurisdiction or the failure of the indictment or information to charge an offense shall be noticed by the court at any time during the pendency of the proceeding".

The "lack of jurisdiction" referred to in this part of the rule obviously refers to jurisdiction over the subject matter, which a defendant has no power to waive. But even if the point had been seasonably raised it does not appear that the defendant would be any better off. The validity of his arrest is to be determined by the law of Massachusetts (United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222) under which an arrest by an officer without a warrant is authorized if the officer has reasonable grounds to believe that a felony was committed by the defendant. Commonwealth v. Carey, 12 Cush. 246; Commonwealth v. Phelps, 209 Mass. 396, 95 N.E. 868, Ann.Cas.1912B, 566; Wax v. McGrath, 255 Mass. 340, 151 N.E. 317.

Although the question of "reasonable grounds" was not made an issue at the trial it is reasonably clear from the record that officers familiar with this class of crimes and with the devious methods of the violators of the narcotic acts could properly conclude from the information in their possession that the defendant, in all probability, had committed a felony, and that they acted lawfully in arresting him on his attempt to elude them.

An examination of the record of the trial satisfies us that there was substantial evidence warranting the verdict of the jury.

The judgment of the District Court is affirmed.