IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 4, 2007

# TERRY D. BREWER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lake County**
**No. 07-CR-8979      R. Lee Moore, Jr., Judge**

---

**No. W2007-01838-CCA-R3-HC  - Filed April 8, 2008**

---

The Petitioner, Terry D. Brewer, appeals the Lake County Circuit Court's summary dismissal of his petition for the writ of habeas corpus. On appeal, Brewer argues that the indictment under which he was charged was defective, and, as a result, the Henderson County Circuit Court was without subject matter jurisdiction to enter judgments of conviction and resulting sentence of forty-five years. As such, Brewer asserts that his convictions for aggravated rape, aggravated sexual battery, and incest are void. After review, we conclude that the alleged defect is non-jurisdictional in nature and, because it was not raised prior to trial, it is waived. *See* Tenn. R. Crim. P. 12(f). Accordingly, summary dismissal is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ROBERT W. WEDEMEYER, J., joined.

Terry D. Brewer, *Pro Se*, Tiptonville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; and David H. Findley, Assistant Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background & Procedural History**

Following the return of a multi-count indictment in June 1989, a Henderson County jury convicted the Petitioner of aggravated rape with pregnancy occurring, aggravated sexual battery, and incest. Subsequently, the Henderson County Circuit Court sentenced the Petitioner to concurrent sentences of forty-five years for the rape conviction, twenty years for aggravated sexual battery, and thirteen years for incest.

On direct appeal, this court affirmed the Petitioner's convictions and sentences. *State v. Terry Brewer*, No. 8, (Tenn. Crim. App. at Jackson, June 12, 1991), *perm. app. denied,* (Tenn., Nov. 12, 1991). This court also affirmed the denial of post-conviction relief. *Terry Brewer v. State*, No. 02C01-9410–CC-00239 (Tenn. Crim. App. at Jackson, Apr. 5, 1995), *perm. app. denied,* (Tenn., July 3, 1995). The Petitioner has also twice been unsuccessful in challenging his judgments through previous petitions for writ of habeas corpus. *Terry D. Brewer v. State*, No. W2006-00579-CCA-R3-HC (Tenn. Crim. App. at Jackson, Oct. 31, 2006) (affirming dismissal of habeas corpus petition in which the Petitioner alleged he was erroneously sentenced under the 1982 Sentencing Act instead of the 1989 Sentencing Act), *perm. app. denied,* (Tenn., Feb. 26, 2007), *cert. denied* (U.S., Oct. 1, 2007); *Terry Dale Brewer v. State*, No. 02C01-9611-CC-00401 (Tenn. Crim. App. at Jackson, Feb. 24, 1997) (affirming dismissal of habeas corpus petition in which the Petitioner challenged the sufficiency of the mens rea language contained in his indictment), *perm. app. denied, concurring in results only* (Tenn., Feb. 8, 1999).

On May 23, 2007, the Petitioner filed the instant petition for writ of habeas corpus, arguing that the record demonstrates that his indictment in Henderson County is defective and that the resulting judgments of conviction in the Henderson County Circuit Court are void. As asserted in his petition and, as argued on appeal, the Petitioner contends that: "The Circuit Court of Henderson County, was without authority and/or jurisdiction to try the petitioner on charges raised in his Indictments that was (sic) returned by <u>citizens of Madison County</u> for the Grand Jury, for crime (sic) that was committed in Henderson County."

The four-count indictment reads, in pertinent part, as follows:

# State of Tennessee, <u>HENDERSON</u> County
## CIRCUIT COURT <u>JUNE</u> TERM, A.D. 19 <u>89</u>

The Grand Jurors of <u>MADISON</u> County, State of Tennessee, duly elected, impaneled, sworn and charged to inquire for the body of the County of <u>Henderson</u> and State aforesaid, upon their oath present:
That <u>TERRY BREWER</u> late of the said County, heretofore, to-wit: On the <u>____</u> days of <u>November 1988 through March</u> A.D. 19 <u>89</u>, and prior to the finding of this indictment, in the County and State aforesaid, did . . .

[description of crimes charged in counts 1 through 4].

The State filed a motion to dismiss the petition in which it asserted that the grand jury language was a typographical error and that the indictment was properly returned by a Henderson County grand jury. The trial court entered an order summarily denying the petition on August 2, 2007.

**Analysis**

The Appellant, proceeding *pro se*, argues: (1) that the trial court erred in dismissing his petition for habeas corpus relief without appointing counsel or granting an evidentiary hearing; and (2) that the Henderson County Circuit Court was without subject matter jurisdiction, and, thus, his convictions for aggravated rape, aggravated sexual battery, and incest are void.

In our review of a petition for habeas corpus relief, it is firmly established that whether to grant the petition is a question of law that we review de novo. *See, e.g., Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993).

A valid indictment is an "essential jurisdictional element" to any prosecution; consequently, our supreme court has held that a defective indictment may deprive a court of jurisdiction. *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). So long as an indictment performs its essential constitutional and statutory purposes, a defect or omission in the language of the indictment will not render the judgment void. *Hart*, 21 S.W.3d at 903 (*citing Dykes*, 978 S.W.2d at 529). "Generally stated, an indictment is valid if it provides sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997). Additionally, an indictment must state the facts of the offense in an ordinary and concise language "in such a manner as to enable a person of common understanding to know what is intended." T.C.A. § 40-13-202 (2006).

With regard to the timing of objections to alleged defects in an indictment, Rule 12(b) of the Tennessee Rules of Criminal Procedure provides:

> The following must be raised prior to trial: (2) Defenses and objections based on defects in the indictment, presentment or information (other than that it fails to show jurisdiction in the court or to charge an offense which objection shall be noticed by the court at any time during the pendency of the proceedings); . . . .

In *State v. Nixon*, 977 S.W.2d 119, 120 (Tenn. Crim. App. 1997), this court noted that Rule 12(b) recognizes "two categories of defects, i.e., those which may be challenged at any time and those which must be challenged prior to trial." In *Nixon*, we characterized the first category of defects as follows:

> Defects which may be challenged at any time during the pendency of the proceedings include objections which challenge lack of jurisdiction in the court and those

objections contending that the indictment failed to charge an offense. "Lack of jurisdiction" refers to subject matter jurisdiction which a defendant has no power to waive. *Pon v. U.S.*, 168 F.2d 373, 374 (1948) (interpreting Rule 12 of the Fed. R. Crim. P., which is virtually identical to our Rule 12). *See also State v. Seagraves*, 837 S.W.2d 615, 618 (Tenn. Crim. App. 1992). Subject matter jurisdiction is the power of the court to hear and decide a particular type of action . . . . In reference to objections alleging failure to state an offense, the rationale is that if the indictment fails to include an essential element of the offense, no crime is charged and, therefore, no offense is before the court. *See State v. Perkinson*, 867 S.W.2d 1, 5-6 (Tenn. Crim. App. 1992).

*Nixon*, 977 S.W.2d at 120-21.

With regard to subject matter jurisdiction in the present case, the Circuit Court of Henderson County has exclusive original jurisdiction of criminal offenses. T.C.A. § 16-10-102 (2006). From our review of the record, it is apparent that the indictment was returned in Henderson County, that the indictment alleged offenses occurring in Henderson County, and that the Petitioner was tried by jury, convicted, and sentenced in the Henderson County Circuit Court, notwithstanding that the indictment mistakenly provides that the grand jury was drawn from Madison County. Thus, we conclude that the alleged defect was non-jurisdictional in nature.

Moreover, the issue raised by the Petitioner addresses a "defect in the indictment, and, because it was not raised in a pretrial motion, any objection to the indictment was waived by the Petitioner. *See* Tenn. R. Crim. P. 12(b)(1); 12(b)(2)(B); 12(f); *see also State v. Hale*, 833 S.W.2d 65, 67 (Tenn. 1992) (holding that objection to grand jury indictment prior to criminal court hearing on transfer from juvenile court was waived by failure to raise in pretrial motion); *Nixon*, 977 S.W.2d at 121 (non-jurisdictional defects in the indictment must be raised prior to trial, or waiver will result); *State v. Mark Steven Marlowe*, No. E1998-00873-CCA-R3-CD (Tenn. Crim. App. at Knoxville, June 30, 2000), *perm. app. denied,* (Tenn., Feb. 12, 2001) ("Notwithstanding its Union County caption, the indictment mistakenly provided that the grand jury was drawn from Campbell County;" accordingly, the defect was waived because it was non-jurisdictional and not raised in a pretrial motion.).

Accordingly, we conclude that the Petitioner has waived any objection to the erroneous reference in the indictment to a Madison County grand jury, as it was not raised pretrial. Because the Petitioner's habeas corpus petition failed to demonstrate that his judgments of conviction are void or that the confinement is illegal, neither appointment of counsel nor an evidentiary hearing were required. *See Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004); *Dixon v. Holland*, 70 S.W.3d 33, 36 (Tenn. 2002); *Passarella v. State*, 891 S.W.2d 619, 619 (Tenn. Crim. App. 1994). Accordingly, we affirm the trial court's dismissal of the Petitioner's application for the writ of habeas corpus.

**CONCLUSION**

Based upon the foregoing, the order of the Lake County Circuit Court denying habeas corpus relief is affirmed.

_____
DAVID G. HAYES, JUDGE