WM. H. VINTON *versus* PHILIP WEAVER AND JOHN W. VEAZIE.

A magistrate's warrant of commitment must show his authority for issuing it; and, if it show the want of such authority, it will afford no protection to an officer who makes an arrest by virtue of it.

Where a principal officer is liable, his aids, acting by his order, are also liable.
All men are bound to know the law.

If the arrest be unlawful, resistance is lawful.

ON EXCEPTIONS from *Nisi Prius*, HATHAWAY, J., presiding.

TRESPASS. Plea, general issue and justification under a mittimus.

At the trial, it was proved that the defendant Weaver was constable and marshal of Bangor, and was well known as such; that he arrested plaintiff on a mittimus, and caused him to be carried to jail; that the defendant Veazie aided and assisted him in so doing, by Weaver's request; and that both defendants, Weaver and Veazie, seized plaintiff by the collar, threw him on the floor, and held him there, till the arrival of the police officers, for whom Weaver had sent.

Evidence was introduced in the case, touching the question whether or not, in the service of the mittimus, the defendants used unnecessary and unreasonable violence to the person of

the plaintiff, and tending to prove that they did use such force and violence, and the jury were requested to find specially upon that question.

The presiding Judge instructed the jury that the mittimus, under which defendants attempted to justify, was a void precept, and furnished them no justification, and that, if Weaver was guilty of a trespass in making the arrest and the commitment of the plaintiff, and if defendant Veazie aided and assisted Weaver in so doing, the fact that Veazie acted by request of Weaver would not relieve him, (Veazie,) from his liability to the plaintiff; and that defendants would be equally liable to him.

To these instructions defendants excepted.

A general verdict was returned for plaintiff; and the jury also, under instructions from the Court upon the subject, found specially that, in the execution of the mittimus under which defendants attempted to justify, they used such unnecessary and unreasonable force and violence upon the person of the plaintiff as amounted to an abuse of legal process.

*Ingersoll & Wakefield,* for defendants.

*Waterhouse & W. C. Crosby,* for plaintiff.

APPLETON, J.—It was held in *Gurney* v. *Tufts,* 37 Maine, 130, that a magistrate's warrant of commitment must show his authority for issuing it, and that, if it show the want of such authority, it affords no protection to an officer by whom an arrest may have been made. The warrant in that case was similar to the one under which the defendant Weaver has attempted to justify.

It is insisted that a distinction exists between the aids and servants of the officer, and the officer himself, and that, while it is conceded that the latter may be liable, the former should be exempted from liability. But such seems not to be regarded as the law. They must both stand or fall together. "Whenever," remarks SAVAGE, C. J., in *Elder* v. *Morrison,* 10 Wend. 138, "a sheriff or constable has power to execute process in a particular manner, his authority is a justifica-

tion to himself and all who come to his aid; but if his authority is not sufficient to justify him, neither can it justify those who aid him.  He has no power to command others to do an unlawful act; they are not bound to obey, neither by the common law nor the statute, and if they do obey, it is at their peril.  They are bound to obey when his commands are lawful, otherwise not.  The only hardship in the case is that they are bound to know the law.  But that obligation is universal; ignorance is no excuse for any one.  The counsel for the plaintiff in error insists that there is a difference between aiding in the original taking and in overcoming resistance.  It seems there is no such distinction.  If the taking was lawful, the resistance was unlawful; but if the taking was unlawful, the resistance was lawful.  If the resistance was lawful, neither the officer, nor those he commands to assist him, can lawfully overcome that resistance."

*Exceptions overruled.*

TENNEY, C. J., and HATHAWAY and GOODENOW, J. J., concurred.  RICE, J., did not sit.