Charles QUALEY

v.

TOWN OF WILTON.

Supreme Judicial Court of Maine.

Submitted on Briefs March 7, 1988.
Decided April 26, 1988.

Donald Goodridge, Houlton, for plaintiff.

Michael E. Saucier, Hunt, Thompson & Bowie, Portland, for defendant.

---

Before McKUSICK, C.J., and
NICHOLS, ROBERTS, GLASSMAN,
SCOLNIK and CLIFFORD, JJ.

ROBERTS, Justice.

Charles Qualey appeals from the summary judgment in favor of the Town of Wilton entered in the Superior Court, Aroostook County, on his complaint against the Town for false imprisonment. Because we agree with Qualey's contention that the Town is not entitled to a judgment on the present record, we vacate the judgment.

Affidavits filed in support of the Town's motion for summary judgment establish that in November 1984, Qualey was operating a semi-trailer truck on Old Route 2 in Wilton. An employee of Backus Garage saw a spare tire dislodge from Qualey's trailer and strike three cars parked at the garage. The employee followed Qualey to a stop sign and told him of the accident. Qualey continued on his way until he was stopped on route 139 in Fairfield by state police officers acting on information received by radio. A trooper told Qualey he would be arrested if he attempted to leave before the Wilton police arrived. Eventually, a Wilton police officer and the Backus employee arrived in Fairfield. Subsequent events are in dispute.

Qualey's affidavit asserts that he was arrested and handcuffed by the Wilton officer. The trooper's affidavit alleges that he arrested Qualey and turned him over to the Wilton officer for transportation to the Franklin county jail. Qualey was subsequently convicted of leaving the scene of a property damage accident. Thereafter, Qualey commenced his action against the Town of Wilton.[1] Qualey alleges that his arrest for a misdemeanor not committed in the presence of the officer was unlawful.

◼ The Superior Court concluded that there was no genuine issue of material fact and that the Town was entitled to judgment in its favor because the conduct of the state trooper resulted in an arrest of Qualey prior to the arrival of the Wilton police. That prior arrest, the court reasoned, precluded the possibility of any liability on the part of the Town as a result of the action of its officer. We disagree. The present record is unclear as to the extent of participation by the Wilton police, both before and after any formal arrest. In addition, more than one officer and more than one department may be exposed to liability for an unlawful arrest and subsequent confinement. *Bath v. Metcalf*, 145 Mass. 274, 14 N.E. 133 (1887); *Vinton v. Weaver*, 41 Me. 430 (1856). We, of course, express no opinion on the merits of Qualey's action. We conclude only that an arrest by the trooper would not, ipso facto, relieve the Town of any possible liability. *See generally* Restatement (Second) of Torts, § 112–139 (1965); Annotation, *False Imprisonment: Liability of Private Citizen for False Arrest by Officer*, 21 A.L.R. 2d 643 (1952).

The entry is:

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

1. The Town withdrew the defense of governmental immunity in recognition of the existence of insurance covering its potential liability. *See* 14 M.R.S.A. § 8116 (Supp.1987).