USCA1 Opinion

 

 October 17, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1064  MAURICE D. YOUNG, Plaintiff, Appellant, v. KNOX COUNTY DEPUTY, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Gene Carter, Chief U.S. District Judge] _________________________ ____________________ Before Cyr, Boudin and Lynch, Circuit Judges. ______________ ____________________ Maurice D. Young on brief pro se. ________________ William R. Fisher and Monaghan, Leahy, Hochadel & Libby on brief _________________ __________________________________ for appellees. ____________________ ____________________ Per Curiam. Pro se plaintiff Maurice Young appeals __________ ___ __ a district court judgment that dismissed his complaint as frivolous within the meaning of 28 U.S.C. 1915(d). We have thoroughly reviewed the record and the parties' briefs on appeal. We are persuaded that the district court's judgment was correct. The plaintiff's amended complaint purported to state claims under 42 U.S.C. 1983 for violations of the Fifth and Fourteenth Amendments' due process requirement and the Fourth Amendment right to be free from "unreasonable seizures." These claims were based on the alleged actions of defendant Hansen, the deputy sheriff who arrested plaintiff and allegedly committed perjury while testifying against the plaintiff at his state criminal trial. Insofar as plaintiff seeks to recover for Hansen's alleged perjury, his claim is barred by Briscoe v. LaHue, 460 _______ _____ U.S. 325 (1983)(holding all witnesses are absolutely immune from civil suit under 1983, including those who give perjured testimony). Insofar as the complaint seeks damages for violation of plaintiff's Fifth and Fourteenth Amendment rights to procedural due process, the claim is barred because the plaintiff has adequate remedies at state law. "[A] procedural due process claim may not be redressed under section 1983 where an adequate state remedy exists." Reid v. ____ New Hampshire, 56 F.3d 332, 341 (1st Cir. 1995). As Maine _____________ recognizes the common law torts of false arrest and malicious -2- prosecution, see, e.g., Nadeau v. State, 395 A.2d 107, 116 ___ ____ ______ _____ (Me. 1978); Qualey v. Town of Wilton, 540 A.2d 479 (Me. ______ _______________ 1988), plaintiff has adequate post-deprivation remedies and may not recover for the alleged violation of procedural due process under 42 U.S.C. 1983. See Reid, 56 F.3d at 341. To ___ ____ the extent that plaintiff alleges violations of substantive due process, Albright v. Oliver, 114 S. Ct. 807 (1994), bars ________ ______ his claim. Plaintiff's claim for the alleged violation of the Fourth Amendment's prohibition against unreasonable seizures is barred as a matter of law for different reasons. The plaintiff alleged that defendant Hansen arrested him without probable cause for operating under the influence (OUI) and operating after his license had been revoked (OAR). Plaintiff has submitted an arrest report which indicates that Hansen arrested him on the foregoing charges and for illegal attachment of license plates. The plaintiff claims that after a jury deadlocked at his criminal trial on the OUI and OAR charges, the state reduced these charges to illegally attaching license plates and allowing his motor vehicle to be driven (presumably, with the illegal plates). The plaintiff does not contend that probable cause was lacking for these latter charges. "Probable cause need only exist as to any offense that could be charged under the circumstances." Barna v. City of Perth _____ _____________ Amboy, 42 F.3d 809, 819 (3rd Cir. 1994). See also Barry v. _____ ___ ____ _____ -3- Fowler, 902 F.2d 770, 773 n. 5 (9th Cir. 1990); Edwards v. ______ _______ City of Philadelphia, 860 F.2d 568, 576 (3rd Cir. _______________________ 1988)(similar). Where plaintiff does not contend that probable cause was lacking for his arrest for illegal attachment of license plates, he cannot recover for an unreasonable seizure, even if probable cause was lacking on the OUI and OAR charges. Accordingly, as plaintiff's federal claims lack an arguable basis in law, they were properly dismissed as frivolous. See Neitzke v. Williams, 490 U.S. ___ _______ ________ 319, 325 (1989).  There was no separate discussion of the state law claims by the district court. As plaintiff has failed to allege claims that would support federal jurisdiction, his state law claims were also subject to dismissal for lack of jurisdiction. See United Mine Workers v. Gibbs, 383 U.S. ___ ____________________ _____ 715, 726-27 (1966). However, these claims should have been dismissed without prejudice. See Figueroa Ruiz v. Alegria, ___ ______________ _______ 896 F.2d 645, 650 (1st Cir. 1990). Accordingly, the judgment of the district court is affirmed insofar as it dismisses ________ plaintiff's federal claims (i.e., counts 1-4 of plaintiff's amended complaint) as frivolous. We vacate the dismissal of ______ plaintiff's state law claims (i.e., counts 5-13 of the amended complaint) and remand with instructions that these ______ claims be dismissed without prejudice for lack of federal jurisdiction. -4- It is so ordered. ________________ -5-